## Lewis-Calabrette v. Calabrette

*Elissa C. Goldberg,* for plaintiff.
*Samuel A. Litzenberger,* for defendant.

RUFE, J., *J.,* September 30, 1996—Plaintiff has petitioned for the disqualification of Samuel A. Litzenberger as counsel for her husband in this divorce proceeding, based upon Mr. Litzenberger's prior representation of plaintiff in a variety of legal matters, including her first divorce, preparation of Husband and Wife wills, a prenuptial agreement involving these parties, and incorporation of her hairstyling business.

Mr. Litzenberger has challenged the disqualification, relying on the absence of any confidential communications during the course of the representation of plaintiff that could be used against her in the divorce action. Such a response misses the reason for plaintiff's initial request for Mr. Litzenberger's disqualification. She should not need to fear that the attorney in whom she has reposed trust and confidence over an extended period of time should face her as adversary counsel. Nothing illustrates her fear more clearly than the disagreement over the ground rules for conduct of depositions in connection with the petition for disqualification held on May 29, 1996.

After plaintiff was sworn but before she answered any questions, defendant's counsel Mr. Litzenberger said,

"I'd like to have it very clear on the record that she (plaintiff) knows what the attorney-client privilege is, she's waiving it freely, knowingly, openly and knows all the ramifications of that." (Page 7.)

And later:

"I want Mrs. Calabrette to understand that in proceeding with this she's waiving the attorney-client privilege, that I am then free to divulge confidences, secrets, things communicated to me in the attorney-client relationship over the last 20 years if I choose to do so.

"If she doesn't, if she refuses to acknowledge that on the record then I think there's a serious problem that she's facing, and—that the petitioner is facing, I want it clearly understood—you can't pick and choose." (Page 9.)

The reason for disqualification involves conflict of interest relating to a former client. It does not per se involve violation of the attorney-client privilege and the client's waiver of that privilege, as defense counsel would prefer to frame the issue.

Rule 1.9(a) of the Rules of Professional Conduct provides as follows:

"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after a full disclosure of the circumstances and consultation."

Thus, the disqualification does not merely involve disclosure of attorney-client privilege. It is the fundamental existence of the conflict between an attorney and his former client which is prohibited unless the client consents. The comment to the rule includes the following:

"Disqualification from subsequent representation is for the protection of clients and can be waived by them. A waiver is effective only if there is disclosure of the

circumstances, including the lawyer's intended role in behalf of the new client."

It is the lawyer's disqualification that the client can waive under Rule 1.9(a), not the attorney-client privilege.

A lawyer has an obligation to preserve the confidence and secrets of his clients. That obligation continues after the termination of representation. Defense counsel seeks to require plaintiff to choose between waiving attorney-client privilege or waiving the disqualification based on the counsel's conflict of interest. This she need not do.

For the plaintiff to be forced to accept Mr. Litzenberger as counsel for defendant is to force her to fear that some confidence revealed to her former attorney may, in ways yet unknown, be used improperly against her. This she should not have to fear.

Only one other matter need be referred to: Is this divorce action the "same or a substantially related matter" to those matters in which Mr. Litzenberger has previously rendered legal advice and counsel? The comment to the rule provides that "The scope of a 'matter' for purposes of Rule 1.9(a) may depend on the facts of a particular situation or transaction." In the case at bar, the divorce involves dissolution of the marriage, enforceability of a prenuptial agreement, division of marital property, child support, custody, and possibly spousal support or alimony. It therefore touches virtually every aspect of plaintiff's life since the date of the marriage in 1985. While scope may be narrowly drawn in assumpsit and trespass matters, we can see no way in which it can be narrowly drawn in divorce and equitable distribution litigation.

Counsel should know that "a lawyer should avoid even the appearance of professional impropriety." (Canons of Ethics—Canon 9.)

The potential for impropriety is palpable. The appearance of impropriety is persuasive. There is no viable alternative except for the disqualification of Mr. Litzenberger as counsel for defendant.

We therefore enter the following:

## ORDER

And now, September 30, 1996, plaintiff's petition to disqualify defendant's attorney, Samuel A. Litzenberger, Esquire, under Rule 1.9 and Canon 9 of the Rules of Professional Conduct is granted.